Alfred D. Meitus, Cincinnati, Fred Weiland, Cincinnati, Thorndyke & Becker, Cincinnati, for appellee.

Mitchell Wilby, Cincinnati, and Fulton & Fulton, Cincinnati, for appellants.

**COLLINS v KEARNS et**

Ohio Appeals, 1st Dist., Hamilton County.

No. 6101. Decided April 6, 1942.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the

court of common pleas of Hamilton county, enjoinng the county recorder from recording a certified copy of proceedings before the Trustees of Springfield Township, Hamilton county, purporting to effect the incorporation of certain territory lying within that township and Sycamore township into a village under the name of Village of Lincoln Heights.

Various grounds of invalidity were alleged in the petition, among others, that the petition for incorporation filed with the township trustees was only signed by twenty-seven qualified electors, whereas, the minimum number required by §3526 GC is thirty.

The record shows that the trial in the common pleas court extended over a period of five days, and that, thereafter, the court rendered the judgment from which this appeal was taken in which judgment it was recited that: "This cause came on for hearing upon the pleadings and the evidence, the arguments and briefs, and was submitted to the court."

"The Court being advised does find that the Board of Township Trustees of Springfield Township, Hamilton county, Ohio, was without jurisdiction to receive, act upon, or consider the petition of the incorporators of the proposed Village of Lincoln Heights, and that said petition for said proposed incorporation should have been presented to the Commissioners of Hamilton County, Ohio."

On this appeal, it was contended by the appellants that the trial court's decision was based on the conclusion that as part of the territory had been and was platted, the township trustees had no authority under §3526 GC, or otherwise, to entertain the petition under any circumstances, and that in this conclusion, the trial court erred. The appellee contended that where any part of the territory was platted into village lots, the proceedings for incorporation were required to be taken before the county commissioners under §3517, et seq., and that §3526 GC, conferring authority on township trustees is limited to unplatted territory. The appellee also contended that in the absence of a bill of exceptions it was impossible for this court to review the ruling of the trial court.

An examination of §3526 GC, discloses that the jurisdiction of the township trustees in such matters depends upon the existence of several jurisdictional facts, the principal one of which is the petition of thirty qualified electors. The petition of non-electors will not confer jurisdiction, no matter how great the number. The petition of fewer than thirty qualified electors is likewise ineffective to confer jurisdiction.

In this case the validity of the signers as qualified electors was made an issue by the pleadings. The court heard evidence and based its judgment upon such evidence.

In the absence of a bill of exceptions, it is impossible for this court to determine whether error was committed, or, if so, whether such error was prejudicial.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, J., concur.